**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW MCNEVIN, | : | Civil No. 1:26-CV-00070 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SCI-HOUTZDALE PSYCHIATRY | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | Judge Jennifer P. Wilson |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

Before the court is a request for a preliminary injunction against the

Psychiatry and Psychology Departments at the State Correctional Institution

Houtzdale ("SCI-Houtzdale") filed by Matthew McNevin ("Plaintiff").  (Doc. 1.)

The request seeks a court order requiring the Psychiatry and Psychology

Departments to recognize his mental health illness, change his C-stability mental

health code to a D-stability code, and remove him from the Restricted Housing

Unit to a Diversionary Treatment Unit.  (*Id.*)  The court construes this request as a

complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief.  Plaintiff also

filed a motion to proceed *in forma pauperis*.  (Doc. 4.)  Based on the limited

information contained in the request, the court finds that this is not the correct

venue for the action and will transfer this case to the Western District of

Pennsylvania.

1

### DISCUSSION

Plaintiff is a self-represented inmate who initiated this action by filing a request for a preliminary injunction on January 13, 2026.  (Doc. 1.)  Following the court's administrative order directing Plaintiff to pay the filing fee or file an application to proceed *in forma pauperis*, the court received and docketed a motion for leave to proceed *in forma pauperis* and a certified prisoner trust fund account statement.  (Docs. 3, 4, 5.)

Venue for actions brought under Section 1983 is governed by 28 U.S.C. § 1391(b).  Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, Plaintiff has clearly alleged that the named defendants are medical departments at SCI-Houtzdale in Clearfield County, Pennsylvania, which is located in the Western District of Pennsylvania.  28 U.S.C. § 118(c).  Therefore, the Middle District of Pennsylvania is not the proper venue for this action.

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought."  28 U.S.C. § 1406(a).

Therefore, in the interests of justice, this case will be transferred to the United States Court for the Western District of Pennsylvania. This court will not address the merits of Plaintiff's motion for leave to proceed *in forma pauperis*, but will leave it for the court in the proper venue to address.

## CONCLUSION

For the above-stated reasons, the court will transfer this case to the United States Court for the Western District of Pennsylvania and close the case.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: May 11, 2026